

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
**T** 212.307.5500  **F** 212.307.5598   www.Venable.com

January 7, 2026

John C. Vazquez

**t** 212.370.6293
JCVazquez@Venable.com

Hon. Ronnie Abrams
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
Courtroom 1506
40 Foley Square
New York, NY 10007

      **Re:**    **iOttie Inc. v. HSM Co. Ltd. et al, No. 1:25-cv-02642-RA**

Dear Judge Abrams,

Venable represents Plaintiff-Counterclaim Defendant iOttie Inc. in the above referenced matter. I write on behalf of all parties to request entry of the proposed confidentiality Protective Order attached as *Exhibit A* to this letter-motion.

The parties have conferred and agree that the Protective Order is necessary to govern the exchange of confidential and sensitive information in discovery and to avoid unnecessary disputes. The proposed order is limited in scope, permits confidentiality designations only where appropriate, and provides standard procedures for use, challenge, and filing of confidential materials consistent with Your Honor's individual rules of practice for civil cases. No party objects to its entry.

We thank you for your consideration of this matter.

Respectfully submitted,

John C. Vazquez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **iOTTIE, INC.,**<br><br>Plaintiff,<br><br>- against -<br><br>**HSM CO., LTD., ONETTO, YOUNGKYU YEO, AND ABC CORP. 1-10 ("fictitious names used until actual name known"),**<br><br>Defendants. | Case No. 1:25-CV-02642-RA |

## ~~[PROPOSED]~~ PROTECTIVE ORDER

This matter is before the Court upon the Joint Motion of the Parties for entry of a Protective Order. After consideration of the Joint Motion and proposed protective order, it is ORDERED as follows:

### 1.    PURPOSE

This Action will involve discovery of information that includes or comprises confidential, proprietary, commercially sensitive or trade secret. The purpose of this Protective Order is to govern the production of such information without frequent resort to determinations of discoverability by the Court and to protect such information from improper or premature disclosure. In addition, this Protective Order provides a mechanism for non-parties to protect any confidential, proprietary, commercially sensitive, or trade secret information from public disclosure.

### 2.    DEFINITIONS

2.1    This Action: "This Action" means *iOttie, Inc. v. HSM Co., Ltd. et al.*, Case No. 1:25-CV-02642-RA (S.D.N.Y.) and any appeals thereto.

2.2     Party: "Party" or "Parties" means the Plaintiff (iOttie, Inc.) and Defendants (HSM Co., Ltd.; Onetto; Youngkyu Yeo; and ABC Corporation 1-10) in This Action, including their directors, officers, employees, agents, attorneys or representatives.

2.3     Producing Party: "Producing Party" means a person or entity, whether or not a Party to This Action, that produces or otherwise makes available Discovery Material in This Action.

2.4     Receiving Party: "Receiving Party" means a Party to This Action, including without limitation all directors, officers, employees, agents, attorneys or representatives of the Party, that receives Discovery Material from a Producing Party.

2.5     Discovery Material: "Discovery Material" means any information, document or tangible thing produced in This Action, including information provided in response to discovery requests, interrogatories, requests for production, requests for admission, subpoena, subpoena duces tecum, deposition, and including any material that may be provided for inspection or voluntarily produced by exhibit, declaration, affidavit or other means.

2.6     Protected Material: "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" in accordance with this Protective Order, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material. However, Protected Material shall not include any Discovery Material that has been or becomes lawfully in the possession of the Receiving Party without being subject to confidentiality or nondisclosure obligations.

2.7     Confidential: A Producing Party may designate as "Confidential" those materials which the Producing Party believes in good faith constitute or contain confidential, proprietary

2

and/or commercially sensitive information, which information is not known by a third party without a confidentiality obligation and which the Producing Party would normally not reveal to a third party or if disclosed would require such third party to maintain the information in confidence.

2.8    Highly Confidential – Outside Attorneys' Eyes Only: A Producing Party may designate as "Highly Confidential – Outside Attorneys' Eyes Only" any confidential, proprietary, commercially sensitive and/or trade secret information which that party in good faith believes it would not reveal to a third party and is so highly sensitive that the protections afforded to Confidential information are not sufficient. This designation shall be reserved for information that constitutes, reflects, or concerns particularly sensitive proprietary, technical, financial, marketing, privacy (personally identifiable information, personal medical/health), or other business information, trade secrets or know-how.

2.9    Trial Counsel: "Trial Counsel" means outside trial counsel for the Parties who have made an appearance before the Court in This Action, including attorneys, secretaries, legal assistants, and other support personnel who work for the same law firm, to whom it is necessary to disclose Protected Material for the purpose of This Action, currently:

- Venable LLP, Trial Counsel for Plaintiff iOttie, Inc.; and

- Clark Hill PLC, Trial Counsel for Defendants HSM Co., Ltd.; Onetto (which is a trade name used by HSM Co., Ltd.); and Youngkyu Yeo.

2.10    Expert: "Expert" means any consultant retained by either Party to advise or to assist Trial Counsel in the preparation, resolution or trial of This Action.

## 3.    DESIGNATION OF PROTECTED MATERIAL

3.1    The Producing Party shall clearly mark each page, where possible, of Discovery Material that the Producing Party contends constitutes Protected Material on its face with the

3

appropriate legend  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" together with a letter or letters identifying the Producing Party or other comparable notice.

3.2     Discovery Material produced in a media that cannot be marked on each page (e.g., videotape, audiotape, etc.) may be designated as Protected Material by clearly labeling the outside of such media with the appropriate legend. Electronically Stored Information produced in native file format can be designated as Protected Material by identifying the files (by file name and bates number) as either Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" in a letter or email accompanying the production sent or copied to all counsel of record for the Receiving Party.

3.3     Discovery Material provided for inspection, such as a Producing Party's facilities or manufacturing processes, and any documents or things produced or generated in connection with such inspection (including, but not limited to, notes, recordings, or photographs of the facilities or processes), shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material of the Producing Party, and shall be marked and treated as such.

3.4     Designations of Protected Material: In the event that a Receiving Party includes Protected Material of a Producing Party in any pleading or other document, the Receiving Party shall label such pleading or other document with the highest designation provided by the Producing Party for that Protected Material and file the same under seal, as specified in Section 8, below. Any public versions of the pleading or other document shall completely redact the Producing Party's Protected Material.

**4.    ACCESS TO AND USE OF PROTECTED MATERIAL**

4.1    Access to Highly Confidential – Outside Attorneys' Eyes Only Information:

The Receiving Party shall strictly restrict access to the Producing Party's Protected Material designated "Highly Confidential – Outside Attorneys' Eyes Only" in accordance with this Protective Order to the following individuals, who may use it solely in This Action:

(a)    Trial Counsel as defined above;

(b)    court reporters and videographers;

(c)    graphics, translation, or design services who have been retained by Trial Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in This Action, and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as Appendix A;

(d)    jury or trial consulting services, including mock jurors, who have been retained by Trial Counsel for purposes of This Action and have been informed of the requirement to maintain these documents and the information contained therein as Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as Appendix A;

(e)    contract document reviewers who have been retained by Trial Counsel for purposes of this Action and have been informed of the requirement to maintain these documents and the information contained therein as

5

Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as Appendix A;

(f)    litigation support vendors such as document reproduction services, computer imaging services, commercial copy vendors, and computer forensic vendors, who have been retained by Trial Counsel for purposes of This Action and have been informed of the requirement to maintain these documents as Protected Material and have agreed to do so in writing by executing the Confidentiality Agreement attached as Appendix A;

(g)    any person who authored or previously received the Protected Material, including people named as a recipient of the Protected Material on its face;

(h)    Experts cleared to receive Protected Materials under Section 7 of this Order;

(i)    the Court and its support personnel;

(j)    members of the jury; and

(k)    any other persons agreed to in writing by Trial Counsel for the Producing Party or as otherwise ordered by the Court.

4.2    <u>Access to Confidential Information</u>: The Receiving Party shall strictly restrict access to the Producing Party's Protected Material designated Confidential in accordance with this Protective Order to the following individuals, who may use it solely in This Action:

(a)    the individuals authorized to have access to "Highly Confidential – Outside Attorneys' Eyes Only" materials under Section 4.1;

(b)    Party representatives, *e.g.*, a corporate officer, or other employee, limited to the following representative for each Party:

> For iOttie: Kevin Lee, James Oh and Sam Lee
>
> For HSM et al.: Youngkyu Yeo.

who may use it solely in This Action, provided such Party representatives execute the Confidentiality Agreement under Section 6 of this Order and serve such Acknowledgement on the producing party prior to their receipt of any such Protected Material; and

(c)    any other persons agreed to in writing by Trial Counsel for the Producing Party or as otherwise ordered by the Court.

4.3    Notwithstanding anything else in this Protective Order, any person receiving any Producing Party's Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" information of a technical nature shall not, for a period commencing upon receipt of such information and ending three years following the certification of destruction pursuant to paragraph 19, engage in any Prosecution Activity on behalf of or for the benefit of the Receiving Party involving claims relating to any products relating to cell phone holders. For purposes of this paragraph, Prosecution Activity shall mean to: (1) prepare and/or prosecute or assist in preparing or prosecuting any patent application or portion thereof, whether design or utility, anywhere in the world, on behalf of the patentee or assignee of such patent application; (2) prepare or assist in preparing patent claim(s) or amendments on behalf of the patentee or assignee of such patent application; (3) participate, consult, or assist in developing patent claim strategies. Persons receiving Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" information of a technical nature are not prohibited by this Protective Order from participating in any patent opposition, reissue, inter partes review, post grant review or

reexamination proceedings, provided that such persons shall not participate in the drafting or amending of patent claims in any such proceedings. The parties expressly agree that the prosecution bar set forth herein shall be personal to any attorney or patent agent who receives Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" information and shall not be imputed to any other persons or attorneys at the attorney's law firm or company.

4.4     All Confidential and "Highly Confidential – Outside Attorneys' Eyes Only" information disclosed pursuant to this Order shall be used by any recipient thereof solely for the purposes of This Action and not for any other litigation or any business, competitive or other purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

## 5.     CUSTODY OF PROTECTED MATERIAL

Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients as specified in this Protective Order, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a Receiving Party (1) from making working copies, abstracts, digests and analyses of Protected Material for use in connection with This Action and such working copies, abstracts, digests and analyses shall be deemed Protected Material with the same confidentiality designation as the original material (e.g., Highly Confidential – Outside Attorneys' Eyes Only), or (2) from converting or translating Protected Material into machine readable form for incorporation into a data retrieval system used in connection with This Action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

## 6.     DISCLOSURE TO OTHERS

In the event Trial Counsel for the Receiving Party finds it necessary to make a disclosure of Protected Material to individuals other than the persons identified in paragraph 4.1 (for "Highly Confidential – Outside Attorneys' Eyes Only" information) or 4.2 (for Confidential information), Trial Counsel for the Receiving Party must serve written notice on Trial Counsel for the Producing Party in advance of any disclosure including: (i) the Protected Material to be disclosed; (ii) the purpose of the disclosure; and (iii) an identification by name, business address, and current employer(s) of the person(s) to whom such disclosure is requested. Trial Counsel for the Producing Party must respond to the written notice within ten (10) business days, either approving or objecting to the disclosure. Unless the Producing Party approves the disclosure, no disclosure will be made without an order of the Court (which the Receiving Party may seek if such approval is not provided). If approval is provided by the Producing Party, or if an order of the Court permits the disclosure, Trial Counsel for the Receiving Party must, prior to such disclosure, inform the individual to whom the Protected Material is to be disclosed of the terms of this Protective Order, and have the individual agree to the terms of this Protective Order in writing by executing the Confidentiality Agreement attached as Appendix A, the executed Acknowledgment to be served on Trial Counsel for the Producing Party prior to any disclosure.

**7.    EXPERTS**

7.1    Each Receiving Party may designate Experts to receive Protected Material of a Producing Party. A Party desiring to disclose Protected Material to an Expert shall serve written notice on the Producing Party no later than ten (10) business days prior to any disclosure. Written notice shall include (a) the Confidentiality Agreement attached as Appendix B, signed by the Expert, (b) the curriculum vitae of the Expert, including information on educational background

beyond high school and all professional employment by employer, position, time period, and location, (c) a list of all other matters in which, during the previous 4 years, the Expert testified as an expert at trial or by deposition or was hired as a non-testifying expert or consultant; (d) disclosure of any previous or current relationship with any of the Parties, any current or former assignee of any patent-in-suit, and any inventor(s) of any patent-in-suit, and (e) any previous or current relationship with competitors in the field of cell phone holders. In the event an Expert is required to disclose the existence of a confidential representation, the Expert will be allowed to provide anonymized details regarding that representation sufficient to indicate the year(s) of representation, type of representation, and whether the confidential client was a competing company in the field of cell phone holders.

7.2    No Protected Material shall be disclosed to the Expert by the Receiving Party until after the expiration of the foregoing ten (10) business day notice period. Consent to the disclosure of Protected Material to a proposed Expert may not be unreasonably withheld. If, however, during the notice period the other Party objects to the disclosure, there shall be no disclosure of that Party's Protected Material to the Expert, except by further order of the Court. Any objection shall include a complete explanation of the basis of the objection. The objecting party shall follow the Court's discovery dispute procedures within ten (10) business days after the expiration of the foregoing notice period for a ruling on its objection. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure. A failure to seek the Court's ruling within the ten (10) business day period shall operate as an approval of the disclosure. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph and/or the briefing schedule to the Court if necessary to abide by any discovery or briefing deadlines.

7.3     The disclosure of an Expert under this paragraph shall not commit a Party to identifying or utilizing that person as an expert or witness at trial, nor shall it give the other Party the right to comment on the absence of that person as a witness at trial. A non-testifying expert consultant who would not otherwise be subject to deposition does not become subject to deposition solely because he or she is disclosed pursuant to this paragraph.

**8.     FILING PROTECTED MATERIAL WITH THE COURT**

In the event that any Party desires to include Protected Material in any pleading, motion, deposition transcript or other paper filed with this Court, the Party will follow the Local Rules of this Court and the Individual Practices, include specifically Individual Practice 5.A, of Judge Abrams.

**9.     INADVERTENT PRODUCTION**

9.1     If a Producing Party through inadvertence produces Protected Material without designation in accordance with this Protective Order, the Producing Party may give written notice to the Receiving Party that the information produced is deemed Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" and the information shall be treated as such in accordance with this Protective Order. Any such written notice shall be accompanied or promptly followed by a replacement production containing properly designated documents. The Receiving Party shall treat such information with the noticed level of protection from the date notice of the error is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

9.2     In the event that a Producing Party inadvertently produces information that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity or other appropriate privilege or immunity, the Producing Party shall promptly, upon

11

discovery of such inadvertent disclosure, inform the Receiving Party and request that the item or items of information be destroyed, and no party to This Action shall thereafter assert that such inadvertent production waived any privilege or immunity. Prior to the receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Protective Order and shall not be deemed to be a waiver of any privilege held by the Producing Party. Upon such notice by the Producing Party, the Receiving Party shall promptly return, sequester, or destroy all copies of the inadvertently produced information. Notwithstanding the foregoing, the Receiving Party shall be permitted to retain one (1) copy of the inadvertently produced information for the sole purpose of challenging the Producing Party's assertion of privilege, which will be immediately destroyed or returned in the event a claim of privilege is upheld in a challenge before the Court. The Receiving Party may not share this copy of the inadvertently produced information with any additional persons. Within ten (10) business days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the item or items of information on a privilege log and shall provide a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. Nothing in this paragraph shall prevent the Receiving Party from challenging in Court the designation of the privilege after the inadvertent production of documents in the possession of Receiving Party has been destroyed, and/or from seeking production of any such documents or information in accordance with the Federal Rules of Civil Procedure. If the Receiving Party has retained a copy of inadvertently produced information, the Receiving Party shall file a motion challenging the Producing Party's assertion of privilege within seven (7) business days of receipt of the Producing Party's identification of the item or items of information on a privilege log and any redacted replacement. If the Receiving Party has not filed such motion within seven (7) business days of

receiving the Producing Party's identification of the item or items of information on a privilege log and any redacted replacement, the Receiving Party shall destroy or return its remaining copy of the inadvertently produced information.

**10.    TESTIMONY REGARDING PROTECTED MATERIAL**

Subject to the provisions in this Protective Order:

(a)    A Producing Party or present employee of a Producing Party may be examined concerning all Protected Material produced by the Producing Party;

(c)    A former employee of a Producing Party may be examined concerning all Protected Material produced by the Producing Party which pertains to the period or periods of his or her employment;

(d)    To the extent a Producing Party produces Protected Material authored by or received from a third party, (i) the third party or present employee of the third party may be examined concerning all such Protected Material and (ii) a former employee of the third party may be examined concerning all such Protected Material which pertains to the period or periods of his or her employment;

(e)    An Expert of either Party may be examined concerning all Protected Material, except that the rules for disclosure of the Protected Material shall be governed exclusively by paragraph 7 above;

(f)    For any person not permitted to access Protected Material under paragraph 4.1 (for "Highly Confidential – Outside Attorneys' Eyes Only" information) or 4.2 (for Confidential information), a Receiving Party wishing to examine that person about Protected Material of any other Producing Party must follow the procedure set forth in paragraph 6.

**11.    DESIGNATION OF TRANSCRIPT**

13

Any transcript containing Protected Material not previously designated shall be designated as containing such information within one month of receipt of the official transcript by the Producing Party. From the time of the transcript through the one month period, the official transcript and any rough transcript shall be treated as "Highly Confidential – Outside Attorneys' Eyes Only" and subject to the terms of this Protective Order. Absent designation by the Producing Party, the transcript shall not be subject to this Protective Order after the expiration of the one month period.

**12.    REQUEST FOR PRODUCTION IN OTHER LEGAL PROCEEDINGS**

In the event any Receiving Party receives a subpoena or other process or court order to produce Protected Material in another legal proceeding, such Receiving Party shall: (a) immediately notify the Producing Party; (b) furnish the Producing Party with a copy of said subpoena or other process or court order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected. The Producing Party shall have the burden of defending against such subpoena, process, or court order. The Receiving Party receiving the subpoena or other process or court order shall cooperate with the Producing Party seeking an order modifying or quashing the subpoena or other process or court order.

**13.    DESIGNATION NOT DETERMINATIVE OF STATUS**

There is no obligation to challenge the propriety of a Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge to the designation. All challenges by a Receiving Party to the propriety of a designation shall be made in writing to the Producing Party whose rights are affected, such writing to identify with specificity the material challenged. Within five (5) business days of such a challenge, the Producing Party shall respond to the challenge,

14

substantiating the basis for the designation in writing, or modifying or removing the confidentiality designations. Any challenges shall be resolved in good faith on an informal basis if possible. If the challenge cannot be resolved between the Parties, the Receiving Party may seek appropriate relief from the Court. At all times, the Producing Party shall bear the burden of establishing the appropriateness of the Protected Material designation.

**14.    NON-PARTY USE OF THIS PROTECTIVE ORDER**

A non-party who produces Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Confidential or "Highly Confidential – Outside Attorneys' Eyes Only" pursuant to the terms of this Protective Order. Any Party seeking to challenge the designation of non-party information as Confidential or "Highly Confidential – Outside Attorneys' Eyes Only", or who is seeking to use such information in proceedings where it may become a part of the public record, shall provide notice to the non-party in sufficient time to allow the non-party to appear and seek continued protection of its information as designated.

**15.    NOTICE**

Notice under this Order shall be effective if sent to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court:

a) Notice to iOttie Incorporated shall be to Robert Bugg and John Vazquez of Venable LLP,

b) Notice to HSM Company, Limited; Onetto; and Youngkyu Yeo shall be to Robert Feltoon, John Kim, James Murphy, and Michael Mangan of Clark Hill PLC,

c) Notice to ABC Corporation 1-10 shall be to counsel appearing in This Action on behalf of ABC Corporation 1-10.

15

Such notice shall be provided at these parties' respective email/business addresses of record filed with this Court for This Action.

**16.    RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

**17.    AMENDMENT**

This Protective Order may be amended only where Trial Counsel for all Parties file a Joint Motion to Amend Protective Order that is subsequently granted by the Court, or by other order of the Court.

**18.    RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery Material, whether during discovery, hearing, or trial, and access to such Discovery Material shall be only as otherwise provided by the discovery rules and other applicable law.

**19.    FINAL DISPOSITION**

Within two months after final termination of This Action including any appeals, or within two months after the time for appeal has expired:

(a)    each Party shall assemble all Protected Material furnished and designated by any other Party, including Protected Material provided to Experts, and shall destroy the Protected Material and provide a certificate of destruction to the Producing Party. Said certificate shall also provide assurance that no steps will be taken at any time in the future to restore deleted Protected Material, and that any inadvertent violation of this assurance and steps taken to remedy it will be

16

promptly reported to the other party. The deletion required under this paragraph shall not require deletion from backup copies on Trial Counsel servers provided such backup copies (1) were not created for the purpose of maintaining Protective Material beyond the time period allowed by this section, and (2) are not otherwise periodically purged in the ordinary course of business. Notwithstanding the foregoing, Trial Counsel for each party shall be entitled to retain a copy of all pleadings, motion papers, legal memoranda, correspondence and work product; and,

(b)    the Clerk of Court is authorized to release possession of any Protected Material FILED UNDER SEAL to counsel for the filing Party, or, after expiration of the time limitations set forth at the beginning of this paragraph, to destroy any Protected Material filed under seal that has not been retrieved by the filing Party.

**20.    TERMINATION AND SURVIVAL OF OBLIGATIONS**

No restriction imposed by this Protective Order may be terminated, except by order of this Court for good cause shown. The termination of This Action shall not automatically terminate the obligations specified in this Protective Order.

**21.    COURT'S ENTRY OF THE PROTECTIVE ORDER**

Upon signature by both Parties of the Protective Order and before the Court enters the Protective Order, the Parties agree to exchange information designated Confidential and "Highly Confidential – Outside Attorneys' Eyes Only" based on the terms provided herein. The Parties further agree that should the Court alter the terms of the Protective Order affecting what material may be designated as Confidential and/or "Highly Confidential – Outside Attorneys' Eyes Only", any previously disclosed Protected Material affected by the altered terms shall not be subsequently disclosed to anyone not authorized under the altered terms to view such material,

17

absent agreement by the Parties on the treatment of the Protected Material implicated by any such alterations or absent further order of the Court.

**22.      OTHER PROCEEDINGS**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated Confidential or "Confidential – Outside Attorneys' Eyes Only" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**VENABLE LLP**

Robert E. Bugg
John C. Vazquez
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500
REBugg@Venable.com
JCVazquez@Venable.com

*Counsel for Plaintiff iOttie Inc.*

**CLARK HILL PLC**

Robert N. Feltoon
John K. Kim
Michael P. Mangan
1180 Avenue of the Americas
New York, NY 10036
(646) 395-8833
rfeltoon@clarkhill.com
mmangan@clarkhill.com

*Attorneys for Defendants HSM Company, Limited; Onetto; Youngkyu Yeo*

Dated: January 7, 2026

SO ORDERED this 9th day of January, 2026.

_____

Honorable Ronnie Abrams
United States District Judge

19

**APPENDIX A**
**<u>CONFIDENTIALITY AGREEMENT</u>**

I,_____ , hereby acknowledge that:

(i)     I have read the Protective Order entered in the action presently pending in the U.S. District Court for the Southern District of New York captioned *iOttie, Inc v. HSM Co., Ltd. et al*, Case No. 1:25-CV-02642-RA (S.D.N.Y.);

(ii)    I understand the terms of the Protective Order;

(iii)   I certify that I am not engaged in any Prosecution Activity on behalf of or for the benefit of any party to this action involving claims relating to any cell phone holders;

(iv)   I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms;

(v)    I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Protective Order; and

(vi)   I irrevocably submit my person to the jurisdiction of the U.S. District Court for the Southern District of New York for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:

Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City       State     ZIP

_____

Telephone Number

_____

E-mail Address

**APPENDIX B**
**<u>CONFIDENTIALITY AGREEMENT</u>**
(For Experts)

I, _____ , hereby acknowledge that:

(i)    I have read the Protective Order entered in the action presently pending in the U.S. District Court for the Southern District of New York captioned *iOttie, Inc v. HSM Co., Ltd. et al*, Case No. 1:25-CV-02642-RA (S.D.N.Y.);

(ii)    I understand the terms of the Protective Order;

(iii)    I agree, upon threat of penalty of contempt and other civil remedies, to be bound by the Protective Order's terms; and

(iv)    I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room, password protected computer medium, or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties.

(v)    I understand that I am to protect the confidentiality of any Protected Material that I receive until I have completed my assigned duties, whereupon the copies are to be destroyed. Such destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order. I further agree to notify any clerical personnel who are required to assist me of the terms of the Protective Order; and

(vi)    I irrevocably submit my person to the jurisdiction of the District Court for the Southern District of New York for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____

Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
City            State            ZIP

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Telephone Number

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
E-mail Address